## McLean & Jackson's Appeal.

1. In the absence of any agreement by which one assignee shall have priority, the assignees of the fractional parts of a debt secured by a mortgage, take pro rata upon distribution, where the fund is not sufficient to pay all such claims upon it ; but where priority is intended and stipulated for by the parties, and subsequent assignees have notice thereof, such preference will be enforced, and it makes no difference whether the assignment, for which priority is claimed, is of a fractional part of the mortgage debt, or of a specified sum to be taken therefrom.

Moore's Appeal, 11 Norris, 309, commented upon.

2. The form of the assignment in this case held to indicate such an intention of preference as should be enforced by the court.

April 9th 1883.   Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett, Green and Clark, JJ.

Appeal from the Orphans' Court of *Luzerne county :* Of January Term 1882, No. 354.

This was an appeal by McLean & Jackson from a decree of said court, making distribution of the estate of Milan Barney, deceased, whereby the appellants, who were assignees of a certain sum to be taken from a one-eighth share of a bond and mortgage belonging to the decedent's estate, were awarded a pro rata part of said one-eighth share, instead of the full sum mentioned in the assignment to them.

The facts were as follows :—Milan Barney died intestate, September 26th 1875, leaving seven children and the issue of a deceased child surviving him.   Letters of administration were duly granted on his estate, and on April 26th 1877 the only undistributed asset was a certain bond and mortgage for the sum of $30,805.86.   There were also at this time unpaid claims against the estate.

On the said twenty-sixth of April, Edward Barney, one of the children of the deceased, who was entitled to one-eighth interest in the bond and mortgage, assigned to Decker & Ayres " out of the one-eighth part of the said bond and mortgage and the moneys due me thereon the sum of $2,650, together with the interest thereon, from the date hereof, hereby authorizing and directing the administrator of the estate of the said Milan Barney, deceased, to assign or pay over unto the said L. L. Ayres and A. H. Decker, their executors, administrators or assigns, out of my share of said mortgage the said sum with interest thereon as aforesaid."

On May 19th following, Decker & Ayres assigned their interest in said mortgage to McLean & Jackson (appellants); and these assignments were duly recorded.   On the next day, May 20th, Edward Barney assigned the balance of his interest

in said mortgage to Conyngham & Paine, who subsequently assigned their claim to J. W. Driesbach et al. (the appellees).

The assignment to Conyngham & Paine recited the fact of the prior assignment to Decker and Ayres, and continued as follows :—" Now, Know all Men to Whom these Presents may Come, That I, Edward Barney, one of the heirs of Milan Barney, the above mortgagee, do hereby assign, transfer and set over unto Conyngham & Paine all my right title and interest as such heir, in the bond and mortgage above recited and the moneys arising therefrom (the estate in the same hereby granted being all my right, title and interest in the one-eighth part of said sum secured by the said bond and mortgage, less the part and amount heretofore assigned by me to. Decker & Ayres, as above recited), and do hereby order and authorize Milan Barney, the Administrator of the said Milan Barney, deceased, to pay over the said Conyngham & Paine, the balance of all moneys arising from said bond and mortgage, less the amount heretofore assigned as aforesaid." By written consent of the parties in interest, the administrator sold the bond and mortgage for five per cent. discount.

At the audit of the account of the said administrator, payment in full of the Decker & Ayres claim was demanded, while it was contended on the part of Driesbach & Co., owners of the second assignment, that one one-eighth of the costs of administration and the debts unpaid at the date of the Decker & Ayres assignment, and the discount on the bond and mortgage, should be deducted pro rata from the Decker & Ayres and Conyngham & Paine assignments. The court, however, distributed to the Decker & Ayres assignment in full.

Exceptions, and a petition for review were filed and were dismissed by the court, RHONE, P. J., delivering the opinion; but upon application for a rehearing the court, in an opinion filed, sustained the contention of Driesbach et al., owners of the second assignment, and directed a restatement of the account and a pro rata distribution between the assignees.

Whereupon McLean & Jackson took this appeal, assigning for error the decree of the court, refusing to award to them the full sum of $2,650. with interest, but deducting therefrom, a proportion of the discount allowed on the sale of the mortgage, and of the debts and costs of administration.

*McLean & Jackson* and *G. R. Bedford*, for appellants.— The assignment by Barney to Conyngham & Paine expressly recognized the right of Decker & Ayres to be first paid in full, out of the share of the proceeds of the bond and mortgage due Barney, before distribution could be made to Conyngham & Paine. The language of the assignment is conclusive on

[McLean's Appeal.]

this point.   It is only in the absence of the expression of such
intention by the assignor, that the cases cited by the appellees
apply.

*E. S. Osborne,* for appellees.—Where fractional parts of the
same mortgage debt are successively assigned to different per-
sons, and the proceeds of the mortgaged property are insufficient
to pay them all, they take pro rata, and not in the order of
their assignments.   This principle is recognized in all the
Pennsylvania cases : Moore's Appeal, 11 Norris 309 ; Donley
*v.* Hays, 17 S. & R. 400 ; Mohler's Appeal, 5 Barr 418 ; Perry's
Appeal, 10 Harris 43 ; Hancock's Appeal, 10 Casey 155.  There
is nothing in the case at bar to take it out of this rule.   The
fund in court for distribution was liable to pay the costs of
administration, and the share of Edward Barney was chargeable
equally with the other shares.   That he assigned his interest
could make no difference, and his assignees took subject to such
reduction.

Mr. Justice Paxson delivered the opinion of the court,
April 30th 1883.

It is settled by a line of authorities that the assignees of the
fractional parts of a debt secured by a mortgage, take pro rata
upon distribution, in case the mortgaged premises does not sell
for enough to pay the debt in full: Donley *v.* Hays, 17 S. &
R. 400 ; Mohler's Appeal, 5 Barr 418 ; Perry's Appeal, 10 Harris
43 ; Hancock's Appeal, 10 Casey 155.   The learned judge of
the court below was of opinion that the facts of this case did
not bring it within the ruling of the authorities above cited and
decreed distribution accordingly.   Subsequently Moore's Appeal,
11 Norris 309, was called to his attention, and under the im-
pression that the latter case was a step in advance of the former
ones, he reversed his previous ruling and decreed distribution
pro rata.

The prior ruling was based upon the fact that the assign-
ments were of definite sums and not of fractional parts of the
mortgage, while in his later ruling the learned judge held that
under Moore's Appeal the form of the assignment is not ma-
terial, unless it appear in the contract of assignment that the
parties intended a different rule of distribution.

We do not regard Moore's Appeal as an advance beyond the
earlier cases or as inculcating any new doctrine.   In that case
a judgment amounting to $7,641.73 was assigned to seventeen
different parties.   The first sixteen assignments were of definite
sums ; the seventeenth and last assignment was in these words :
" February 9th 1878 for a valuable consideration, I hereby as-
sign the balance of this judgment unassigned, to Stella C. Moore

7 OUTERBRIDGE.—17

being· the amount due and unpaid after the above foregoing assignments." This last assignment if not for a definite sum was for a sum capable of being reduced to a certainty, and its legal effect was precisely the same as if the amount had been ascertained and inserted therein. It is impossible to see any essential difference between fractional parts and definite sums in such assignments, and for this reason we do not think Moore's Appeal an advance upon prior decisions. It is a mere matter of form. The assignment of a specified sum is substantially the assignment of a fractional part. It is difficult to draw a distinction between the assignment of the fourth part of a mortgage of $4,000 and the assignment of $1,000 thereof. They amount to precisely the same thing and there is no more reason in the one case than in the other to imply a contract that the first assignee shall have priority over subsequent assignees. All that the cases decide is that in the absence of any agreement by which the first assignee shall have priority, the law will not make any distinction but will distribute the fund pro rata, where it is insufficient to pay all. No case has decided that where priority was intended and stipulated for by the parties, and subsequent assignees had notice thereof, that such preference will not be enforced. In fact the right to give such preference was recognized in some of the cases cited. In Donley v. Hayes, the earliest of this line of cases, it was said by the court : " Indeed nothing appears in this case to show that in point of fact the subject of priority of payment was in contemplation of any of the parties, and no contract to that purpose can be implied except what the law implies." In Hancock's Appeal the assignment of one of four bonds secured by a mortgage was accompanied by a guarantee of payment, but this court held that a guarantee was a mere personal contract at large and not a pledge of a particular fund, and as the assignment contained no contract for priority none existed. But we need not stop to argue that a man may assign a part of a debt secured by a mortgage or judgment in such manner as to give his assignee priority of payment over himself, or any subsequent assignee with notice of such agreement. It is a necessary incident of the power to contract and to dispose of property.

The question for our consideration is, whether it appears upon the face of appellants' assignment that a preference was given and intended ? At the time the assignment was executed by Edward Barney to Decker & Ayres, the mortgage which is the subject of contention, was the only asset undistributed belonging to the estate of Milan Barney, deceased. There were also at that time unpaid claims against the estate, which, with expenses and other matters, so reduced the fund realized from the mortgage that the respective assignees thereof could not be

paid in full.   Edward Barney, the assignor, was one of the heirs, and entitled to one-eighth interest therein.   On the 26th of April 1877, he assigned to A. H. Decker and L. L. Ayres " out of the one-eighth part of the said bond and mortgage and the moneys due me thereon the sum of $2,650, together with interest thereon from the date hereof, hereby authorizing and directing the administrator of the estate of Milan Barney, deceased, to assign or pay over unto the said L. L. Ayres and A. H. Decker, their executors, administrators or assigns, out of my share of said mortgage the said sum with interest thereon as aforesaid."   This assignment was duly recorded.   On the 19th of May 1877, Decker & Ayres assigned their interest in said mortgage to McLean & Jackson, the appellants.   This assignment was also recorded.   On the 20th of May 1877, Edward Barney assigned the balance of his interest in the mortgage to Conyngham & Paine, who subsequently assigned the same to the appellees.   The said assignment recites the fact of the prior assignment to Decker & Ayres and proceeds as follows : " Now know all men to whom these presents may come, That I, Edward Barney, one of the heirs of Milan Barney, the above mortgagee, do hereby assign, transfer and set over unto Conyngham & Paine, all my right, title and interest as such heir, in the bond and mortgage above recited, and the moneys arising herefrom (the estate in the same hereby granted, being all my right, title and interest in the one-eighth part of said sum secured by the said bond and mortgage, less the part and amount theretofore assigned by me to Decker & Ayres, as above recited), and do hereby authorize and order Milan Barney, the administrator of the said Milan Barney, deceased, to pay over to said Conyngham & Paine, the balance of all money arising from said bond and mortgage, less the amount heretofore assigned as aforesaid."

It will thus be seen that this transaction, though in form an assignment of the one-eighth part of a mortgage debt, is in substance an assignment of the interest of the assignor in the estate of a deceased person.   We need not consider the bearing of this fact upon the case.   Conceding it to be an assignment of a mortgage debt and nothing else, it does not come within the rule indicated in the cases commencing with Donley v. Hays and ending with Moore's Appeal.   It is manifest that Edward Barney could not claim anything out of the mortgage until Decker & Ayres had been paid in full.   Such is the fair legal construction of the assignment.   He assigns $2,650, and directs the administrators of the estate to pay the same with interest thereon.   Such payment would have been good against Barney, no matter what loss there might have been on the mortgage, and it is good against his subsequent assignees, because

they have no higher right. The first assignment is recited in the second assignment, hence there is no question of notice. In addition, the second assignment is expressly subject to the first ; it is of the " balance, of all moneys arising from said bond and mortgage, less the amount heretofore assigned as aforesaid."

The case in hand is plainly distinguishable from those cited. The facts are essentially different. It is apparent from the face of the papers that appellants' assignment was intended to have priority and be paid in full. This works no harm to the appellees. They took subject to appellants' assignment and with notice thereof.

> The decree is reversed at the cost of the appellees, and it is ordered that distribution be made in accordance with this opinion.